IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON I. FITZGERALD, | § | |
| | § | No. 257, 2024 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24C-06-139 |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and NEW | § | |
| CASTLE COUNTY POLICE | § | |
| DEPARTMENT, | § | |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted:  January 24, 2025
Decided:     February 27, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

(1)     The appellant, Jason I. Fitzgerald, filed a complaint in the Superior Court alleging that the Federal Bureau of Investigation and the New Castle County Police Department ("NCCPD")[1] failed to investigate (i) "possible employment scams charging [Fitzgerald] to 'work' and/or making [him] 'work' for free" and (ii) his claims that people were spying on him, making up lies about him, gaslighting him, and depriving him of employment opportunities.  Fitzgerald sought $50,000 for emotional distress and mental anguish.  The complaint was accompanied by a

---

[1] NCCPD's counsel states that the correct name of the appellee is the New Castle County Police Division.

motion to proceed *in forma pauperis*. The Superior Court dismissed the complaint, concluding that the complaint was factually and legally frivolous and plainly failed to state a claim upon which relief could be granted.

(2)     On appeal to this Court, Fitzgerald asserts that he needs the appellees to investigate his claims so that he can decide whether to continue working for the companies that are allegedly defrauding him. NCCPD argues that it is a division of New Castle County that cannot be separately sued. It also argues that the complaint failed to allege any facts or legal principles indicating that NCCPD had a duty, or jurisdiction, to investigate Fitzgerald's claims. Finally, NCCPD contends that the County and Municipal Tort Claims Act bars Fitzgerald's claims.[2]

(3)     Title 10, Section 8803(b) of the Delaware Code provides that, if the Superior Court grants an application to proceed *in forma pauperis*, the court must review the plaintiff's complaint and shall dismiss the complaint if the court finds that the action is factually frivolous, legally frivolous, or malicious.[3] "Dismissal of an indigent plaintiff's complaint as legally frivolous is warranted in those cases in

---

[2] *See* 10 *Del. C.* § 4011(a) ("Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. That a governmental entity has the power to sue or be sued, whether appearing in its charter or statutory enablement, shall not create or be interpreted as a waiver of the immunity granted in this subchapter."); *id.* § 4011(b)(3) (providing that "a governmental entity shall not be liable for any damage claim which results from . . . [t]he performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid").
[3] 10 *Del. C.* § 8803(b).

which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."[4] We have reviewed Fitzgerald's complaint in light of the applicable standard and agree with the Superior Court that dismissal under 10 *Del. C.* § 8803(b) was warranted.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Price v. Boulos*, 2022 WL 3222340, at *2 (Del. Aug. 9, 2022) (internal quotations omitted).
[5] *See generally Ashley v. Stiller*, 2012 WL 5818322, at *2 (Del. Nov. 15, 2012) ("We have reviewed Ashley's complaint in light of the applicable legal standards. We agree with the Superior Court that Ashley's complaint was legally frivolous under Del. Code Ann. tit. 10, § 8803(b) and that dismissal was warranted. As such, we conclude that there was no error or abuse of discretion on the part of the Superior Court.").